UNITTED STATES DISTRICT COURT FOR
THE DISTRICT OF RHODE ISLAND

COMMUNITY LOAN SERVICING, LLC
F/K/A BAYVIEW LOAN SERVICING, LLC,

    Plaintiff,

v.

QIANA M. POTTER,

    Defendant, and

VELOCITY INVESTMENTS, LLC,

    Defendant/Party-in-Interest.

**COMPLAINT TO FORECLOSE MORTGAGE**

**INTRODUCTION**

Plaintiff, Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC ("Community") brings the action to foreclose a mortgage given by Qiana M. E. Potter encumbering property at 24 Comstock Ave. Providence, Rhode Island 02907 (the "Property"). The mortgage loan is in default and Community seeks an order allowing it to foreclose its mortgage by following the procedures set forth in the statutory power of sale contained in its mortgage.

**JURISDICTION**

1. The Court has original jurisdiction over this action involving Community Loan Servicing, LLC f/k/a/ Bayview Loan Servicing, LLC, right, title and interest in the subject property pursuant to 28 U.S.C. § 1332(a)(1), since there is complete diversity between the Plaintiff and the Defendants and the amount in controversy exceeds $75,000.00.

1

2. Venue is proper under 28 U.S.C. § 1391(b)(2) since the real property that is the subject of this Complaint is situated in Rhode Island.

3. This action seeks to foreclose a mortgage pursuant to R.I.G.L. § 34-27-1, *et. seq.*

## PARTIES

4. The Plaintiff, Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC, is a mortgage servicing organization with a principal place of business at 4425 Ponce de Leon Blvd, Fifth Floor Coral Gables, FL 33146.

5. The Defendant, Qiana M. Potter ("Ms. Potter") is believed to be a Rhode Island resident with a last known address at 24 Comstock Ave. Providence, RI 02907.

6. Defendant Party in Interest Velocity Investments LLC is a judgment creditor, which holds a recoded Execution c/o Linda L. Laing, One Davol Square, Suite 305 Providence, RI 02903.

## FACTS

7. On May 30, 2007, Ms. Potter (the "Borrower") acquired title to the Property by Deed recorded with the City of Providence Land Evidence Records ("Land Evidence Records") in Book 8697, Page 91 ("Deed"). A true and accurate copy of the Deed is attached as **Exhibit A**.

8. On May 30, 2007, the Borrower executed a Note in the original principal amount of $200,000.00 ("Note") to GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation ("GMAC"). The note was subsequently endorsed in blank. A true and accurate redacted copy of the Note is attached as **Exhibit B**[1]**.**

---

[1] For privacy reasons, the loan number and all other personal identifiable information (i.e. social security numbers, account numbers, etc.) appearing on the documents related to the loan have been redacted.

9. Also on May 30, 2007, as security for the Note, the Borrower granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"), solely as nominee for GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation, Inc., its successors and assigns (the "Mortgage"). The Mortgage was recorded on May 30, 2007 with the Land Evidence Records in Book 8697, Page 93. A true and accurate redacted copy of the Mortgage is attached as **Exhibit C**.

10. On July 24, 2019, MERS assigned the Mortgage to GMAC MORTGAGE, LLC and recorded the assignment on July 23, 2012 with the City of Providence Land Evidence Records at Book 10327, Page 350. A true and accurate redacted copy of the Assignment is attached as **Exhibit D**.

11. On August 12, 2012, 2019, MERS filed a corrective assignment of the Mortgage to GMAC MORTGAGE, LLC f/k/a GMAC Mortgage Corporation and recorded the assignment on August 17, 2012 with the City of Providence Land Evidence Records at Book 10348, Page 47. A true and accurate redacted copy of the Assignment is attached as **Exhibit E**.

12. On August 12, 2012, 2019, GMAC MORTGAGE, LLC f/k/a GMAC Mortgage Corporation MERS filed an assignment of the Mortgage to Ocwen Loan Servicing, LLC and recorded the assignment on January 26, 2015 with the City of Providence Land Evidence Records at Book 10547, Page 315. A true and accurate redacted copy of the Assignment is attached as **Exhibit F**.

13. On November 26, 2019, PHH Mortgage Corporation, Successor by Merger to Ocwen Loan Servicing, LLC filed an assignment of the Mortgage to Bayview Loan Servicing, LLC, its successor and assigns recorded the assignment on December 10, 2019 with the

City of Providence Land Evidence Records at Book 12575, Page 63. A true and accurate redacted copy of the Assignment is attached as **Exhibit G**.

14. On September 16, 2020, Bayview Loan Servicing, LLC changes its name to Community Loan Servicing, LLC.  A true and accurate copy of the name change filing with the State of Delaware ted copy of the is attached as **Exhibit H.**

15. On or about April 1, 2019, the Borrower defaulted on her mortgage loan by failing to make the required payments.  Notices of Default ("NOD") were sent to the Borrower on November 5, 2019, to inform him of her default. True and accurate redacted copies of the NOD are attached as **Exhibit I**.

16. The default has not been cured.

17. On or about September 27, 2021, Notices of Acceleration were sent to the Borrower. True and accurate copies of the Notice of Acceleration letters are attached as **Exhibit J.**

18.  The Mortgage contains a provision providing for foreclosure by statutory power of sale. *See* Exhibit C at ¶ 22.

19. All conditions precedent to the acceleration of the Note and foreclosure of the Mortgage have been fulfilled or have occurred.

20. A title search of the Property reveals that the following interest in the property is subordinate to the Mortgage:

    a. On July 17, 2019, Velocity Investments LLC recorded a Writ of Execution against the Property, Which is recorded with the Land Evidence Records in Book 12782, Page 271.   A true and accurate copy of the Notice of Tax Lien is attached as **Exhibit K**.

### COUNT I – DECREE AUTHORIZING FORECLOSURE, BARRING THE RIGHT TO REDEEM AND VESTING TITLE IN THE SUCCESSFUL PURCHASER

21. Community restates and incorporates the allegations set forth in the preceding paragraphs.

22. Community seeks a decree from the Court, pursuant to R.I.G.L. § 34-27-1, determining that Defendant, Qiana M. Potter is in default of her obligations under the terms of the Mortgage and the Plaintiff and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4.

23. Upon completion of the foreclosure auction, Community seeks an order from the Court vesting title in the successful purchaser or its successors and assigns, free and clear of any right to redeem the mortgage and free and clear of any of the subordinate interests set forth in paragraph 22 of the Complaint.

### COUNT II – DECLARATORY JUDGMENT

24. Community restates and incorporates the allegations set forth in the preceding paragraphs.

25. Community seeks a declaratory judgment that: a) Specialized Loan Servicing, LLC is the holder of the Mortgage, b) Defendant, Qiana M. Potter is in default of her obligations under the terms of the Mortgage, c) the Plaintiff and its successors and/or assigns may foreclose the Mortgage by following the procedures set forth in R.I.G.L. § 34-27-4 and d) that title to the Property shall be vested in the successful purchaser or its successors and assigns free and clear of any right to redeem the mortgage and free and clear of any subordinate the interests as set forth in paragraph 22 of the Complaint.

**WHEREFORE,** the Plaintiff, Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC respectfully requests that the Court:

1. Issue an Order declaring that Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC, LLC is the holder of the Mortgage, Defendant Qiana M. Potter is in default of her obligations under the terms of the Mortgage.

2. Issue an Order allowing Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC , its successors and/or assigns, to foreclose the equity of redemption in the mortgaged Property by following the procedure for statutory power of sale as set forth in R.I.G.L. § 34-27-4, as well as any other procedures that the Court deems appropriate under the circumstances.

3. Issue an Order requiring Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC, its successors and/or assigns, to file a report of sale for confirmation by the Court.

4. Issue an Order or Judgment declaring that the Borrower's rights of redemption are foreclosed and that the title to the Property is quieted in the name of the successful purchaser free and clear of any right to redeem the mortgage and free and clear from any right, title or interest in the Property by the Defendant.

5. Grant Community Loan Servicing, LLC f/k/a Bayview Loan Servicing, LLC such additional legal and equitable relief that the Court deems just and appropriate under the circumstances.

|  |  |
|---|---|
| | Respectfully submitted,<br>PLAINTIFF<br>**COMMUNITY LOAN SERVICING, LLC F/K/A/ BAYVIEW LOAN SERVICING, LLC**<br>By its attorney, |
| | **_/s/ Thomas J. Walsh_**<br>Thomas J. Walsh, Esq. # 5697<br>Harmon Law Offices, P.C.<br>150 California Street<br>Newton, MA 02458<br>Direct: (617) 558-8461<br>Fax: (617) 244-7304 |
| Dated: December 28, 2021 | twalsh@harmonlaw.com |